UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MOLINA JR., <br><br> Petitioner, <br><br> v. <br><br> M. GAMBOA, <br><br> Respondent. | Case No. 1:21-cv-00215-HBK <br><br> ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING AND MOTION FOR APPOINTMENT OF COUNSEL <br><br> (Doc. No. 1) |

Pending before the Court is Petitioner's *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. No. 1, Petition) which incorporates a motion for an evidentiary hearing and motion for appointment of counsel. *Id*. at 16. By separate order, the Court directed Respondent to respond to the Petition. *See* Doc. No. 7. The Court denies the requested relief without prejudice.

1. Evidentiary Hearing

An evidentiary hearing in a habeas proceeding is granted only under limited circumstances. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Because no response to the petition has yet been filed, it is premature to hold an evidentiary hearing. *See* Rules Governing Section 2254 Cases, R. 8(a). Petitioner's motion for an evidentiary hearing (Doc. No. 1 at 16) is premature.

2. Appointment of Counsel

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this Court to appoint

counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) when the Court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the Court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of these proceedings. The Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations. Further, Petitioner was able to file his habeas petition without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex. Provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the Court will consider appointing counsel to represent Petitioner if the Court later finds good cause to permit discovery or if the Court decides that an evidentiary hearing is warranted in this matter.

Accordingly, it is now **ORDERED**:

1. Petitioner's motion for evidentiary hearing contained in his Petition (Doc. No. 1 at 16) is DENIED without prejudice.

2. Petitioner's motion for appointment of counsel contained within his Petition (Doc. No. 1 at 16) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   February 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE