# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MOLINA, JR.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. GAMBOA,<br><br>　　　　Respondent. | Case No.: 1:21-cv-00215-JLT-HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 24) |

　　　Juan Molina, Jr. is a state prisoner proceeding with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his judgment of conviction entered by the Kern County Superior Court Case No. BF159213A for second degree murder and destruction or concealment of evidence. (Doc. 1.) Petitioner raises the following grounds for relief: (1) failure to disclose favorable evidence by the state, (2) prosecutorial misconduct through the introduction of perjured testimony, (3) ineffective assistance of counsel; and (4) insufficient evidence of malice aforethought to support the murder conviction. (*See generally id.* at 19-27.)

　　　As an initial matter, the magistrate judge noted Petitioner included a request for an evidentiary hearing in his petition. (Doc. 24 at 2, citing Doc. 1 at 16.) The magistrate judge found Petitioner did not clearly identify which for which claims an evidentiary hearing was necessary. (*Id.*) Furthermore, the magistrate judge found "the pertinent facts of this case are fully developed in the record before the Court." (*Id.* at 3.) Therefore, the magistrate judge found an

1

evidentiary hearing was not required. (*Id.*)

Evaluating the first ground raised in the petition, the magistrate judge found the state court's rejection of the arguments concerning the presentation of evidence, including phone records, "was not contrary to nor an unreasonable application of federal law, nor based on an unreasonable application of the facts." (Doc. 24 at 15; *see id.* at 11-15.) Second, the magistrate judge found Petitioner's assertion of prosecutorial misconduct was "without merit" and the state court's rejection of the claim—"on the basis that Petitioner failed to produce conclusive evidence that Ms. Ortiz's trial testimony was false or that the prosecutor knew it was false"— was an "objectively reasonable" rejection. (*Id.* at 16, 17.) With the third ground, the magistrate judge found "the state court's rejection of Petitioner's ineffective assistance of trial counsel claims was not objectively unreasonable under AEDPA and Petitioner is not entitled to relief on these claims." (*Id.* at 22; *id.* at 18-22.) The magistrate judge also found "Petitioner cannot show any deprivation of effectiveness by appellate counsel," because he did not "enjoy the right to appellate counsel on collateral post-conviction relief." (*Id.* at 23.) Fourth, the magistrate judge found "the Court of Appeal reasonably determined there was sufficient evidence to support a finding of malice within the meaning of California law," and "Petitioner does not explain how the state court decision was objectively unreasonable under controlling federal law." (*Id.* at 29.) The magistrate judge found the state's "rejection of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the fact." (*Id.* at 30.) Therefore, the magistrate judge recommended the Court deny the petition for writ of habeas corpus and deny a certificate of appealability. (*Id.*)

On December 9, 2024, Petitioner filed objections. (Doc. 27.) The same day, Petitioner filed a Notice of Appeal. (Doc. 28.) On January 27, 2025, the Ninth Circuit dismissed the appeal for a lack of jurisdiction, because the Findings and Recommendations were not a final order or appealable. (Doc. 31.) The Ninth Circuit issued its mandate on February 19, 2025. (Doc. 32.)

Petitioner's objections largely restate the arguments in his Petition and Traverse, and he repeatedly directs the Court to arguments already made in the Traverse. (*See* Doc. 27 at 2-4.) The only portion of the Findings and Recommendations directly addressed by Petitioner is an

assertion that magistrate judge "confirms the states [sic] possession of petitioner's phone records" in reviewing of grounds one and two. (*Id*. at 2.) However, possession of the phone records is neither disputed nor dispositive to grounds one or two. The magistrate judge properly found the state court's rejection of the first ground was not objectively unreasonable as Petitioner could not demonstrate the cell phone record was exculpatory, and he could not demonstrate this evidence was suppressed by the state. (Doc. 24 at 13-14.) Moreover, as to grounds one and two, "the cell phone bills do not disprove Ortiz' testimony of what she overheard Petitioner's wife saying to someone on the phone." (*Id*. at 14, 17.)

Petitioner also appears to support his prosecutorial misconduct claim (ground two) regarding Ortiz's testimony with a new argument: that if the state believed Ortiz's testimony, Petitioner's wife would also have been charged with a crime. (Doc. 27 at 2.) Importantly, the Court is not required to consider new arguments raised in objections. *Syed v. M-I, L.L.C.,* 2014 WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) (the "court has discretion to consider or decline new arguments raised for the first time in an objection to a findings and recommendations") (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002)). Nevertheless, the speculative argument does not undermine the magistrate judge's finding that Petitioner offered no evidence that Ortiz's testimony was dishonest or that the prosecutor knew it was dishonest. (*See* Doc. 24 at 17 ["To the extent that Ms. Ortiz' testimony was not supported by other witnesses or the fact that she failed to disclose overhearing the statements that evening to police, mere inconsistencies in the evidence do not constitute the knowing use of perjured testimony by the prosecutor."]).

Finally, the Court finds it unnecessary to address Petitioner's "objections" to the magistrate judge's findings that he is not entitled to relief on grounds three (ineffective assistance of trial and appellate counsel) and four (insufficient evidence of malice aforethought) because Petitioner merely restates the arguments made in the Petition. He does not address the specific findings of the magistrate judge related to these claims, including that Petitioner had no right to appellate counsel on collateral post-conviction relief and could not establish such a claim. The magistrate judge concluded correctly that Petitioner was not entitled to relief on these claims. (Doc. 24 at 17-30.)

1    According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Further, the Court declines to issue a certificate of appealability.

A petitioner seeking a writ of habeas corpus does not have an absolute entitlement to appeal, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, it may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his … part." *Miller-El*, 537 U.S. at 338. The Court finds reasonable jurists would not find the determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Because Petitioner does not make the required substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on October 4, 2024 (Doc. 24) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **February 20, 2025**                                 /s/ Jennifer L. Thurston
                                                               UNITED STATES DISTRICT JUDGE